**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL ENOCH HOWARD,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3842** |
| | : | |
| **HAROLD HOWARD, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**COSTELLO, J.** **AUGUST 13, 2026**

Plaintiff Daniel Enoch Howard, a self-represented litigant, filed this civil rights action against Harold Howard, James Freeman, Mike Freeman, and Rianna Graves. (Compl. at 2.) His short and difficult-to-follow Complaint alleges that these individuals have engaged in "black magic" in an attempt to kill him, which he dates to April 2022. (*Id.* at 2-3.) He asserts that "the whole United States play[s] a role in black magic." (*Id.* at 3.)

When a plaintiff files a complaint and a motion to proceed *in forma pauperis*, as Howard has done here, a district court may take a "flexible approach" and opt to screen the complaint prior to addressing the *in forma pauperis* motion. *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[A] court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."). This approach "permits courts to move early to screen complaints in order to conserve judicial resources." *Id.* (citation omitted); *see also Nah v. Carvana Co.*, No. 25-2138, 2025 WL 2952788, at *1 (3d Cir. Oct. 20, 2025) (*per curiam*) (endorsing district court's dismissal of complaint as frivolous under § 1915(e)(2)(B)(i) without granting *in forma pauperis* status where *in forma pauperis* application was unclear). Since Howard has filed two *in forma pauperis* applications with some confusing information, (*compare* ECF No. 2, *with* ECF No. 6), the Court concludes that it would save judicial resources

to screen the Complaint at this time rather than attempt to reconcile those discrepancies or ask Howard to file a third application.

Among other things, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss a Complaint if it is frivolous. A complaint is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Having reviewed Howard's submission, the Court concludes that, to the extent it is comprehensible, it is predicated on wholly incredible allegations that appear grounded in delusion. *See, e.g.*, *Franklin v. U.S. Postal Serv.*, No. 25-60, 2025 WL 957556, at *1 (S.D. Ohio Mar. 31, 2025) (dismissing as frivolous complaint that was based on "nearly incomprehensible (and sometimes illegible) allegations involving 'black magic'"); *Jorge v. Torres*, No. 18-14674, 2019 WL 2385942, at *3 (D.N.J. June 6, 2019) ("Plaintiff's factual allegations that the Police are monitoring his every move and that the Police do so by telephone recruitment 'of informants, spies, and willing constituates [sic]' is exactly the type of 'fantastic or delusional scenario[ ]' warranting dismissal under 28 U.S.C. § 1915(e)(2)(B)(i)." (alterations in original)); *Chadwick v. Myers*, No. 13-1456, 2013 WL 12497981, at *1 (S.D. Tex. May 23, 2013) (dismissing complaint as frivolous where plaintiff alleged, in part, that "his head was shaved, and he has been made to wear white so that he would be one of the 'TDCJ-CID Skeleton Soldiers' and a slave to the Texas Legislature's black magic policies"). Accordingly, the Court will dismiss the Complaint and will do so without leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

An appropriate Order follows, which dismisses this case, and which shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**MARY KAY COSTELLO, J.**